1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 03-0650-PHX-SMM |
|---|---|
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF DECISION AND** ) **ORDER** |
| Jose Luis GONZALEZ-FLORES, | ) |
| Defendant. | ) |

This case comes before this Court as a limited remand from the Ninth Circuit Court of Appeals. On August 12, 2005, the Ninth Circuit affirmed the judgment of this Court in part and remanded pursuant to United States v. Ameline, 409 F.3d 1973 (9th Cir. 2005) (en banc) (Ameline III). See United States v. Gonzalez-Flores, 418 F.3d 1093, 1104 (9th Cir. 2005). On remand, this Court must answer "whether the sentence imposed would have been materially difference had [this Court] known that the Guidelines were advisory." Id. at 1103. After reviewing all the relevant filings and transcripts, the Court issues the following ruling.

**I. BACKGROUND**

In September 2003, this Court presided over a two-day jury trial which resulted in Defendant's conviction of one count of Bringing In Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(i). This Court sentenced Defendant to 33 months imprisonment on November 17, 2003. Defendant appealed his conviction and sentence to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed the judgment in part and remanded the case back to this Court in accordance with Ameline III. In an Order dated October 6, 2005, this Court required

1  written briefs by the parties regarding the remanded issue. [Doc. No. 69]  Plaintiff opined in
2  its brief that the sentence imposed by the Court would not have been materially different had
3  the Court known that the Guidelines were advisory. (P.'s Br. Regarding Sentence on Remand
4  at 3.)  Defendant did not take a position on the issue, citing ethical obligations.  (Def.'s Br.
5  Regarding Sentence on Remand at 3.)

## II.  DISCUSSION

**A.    The Issue on Remand from the Ninth Circuit Court of Appeals is Moot, as Defendant has been released from confinement**

9   On November 4, 2005, the Court received notice from defense counsel that Defendant
10  was released from federal custody on October 20, 2005, and has accepted voluntary departure
11  from this country.  (Id. at 2.) Both parties have represented to the Court that the Remand
12  before this Court is therefore moot, and the Court agrees.

**B.    This Court's November 17, 2003 Sentence would not have differed materially had the Court known the Sentencing Guidelines were advisory**

15  In the alternative to a finding of mootness, this Court also finds that its sentence would
16  not have materially differed had it known that the Guidelines were advisory.

17  At sentencing, the Court first accepted the sentence calculation contained in the
18  Presentence Report: an Offense Level of 22 and Criminal History Category of I.  That
19  offense level included a 4-level enhancement in accordance with U.S.S.G. § 2L1.1(b)(6)(2),
20  due to serious bodily injury sustained by two young women in the group Defendant was
21  leading into the United States.  However, after finding that this case fell outside of the
22  "heartland," the Court departed downward two levels to Offense Level 20.  The applicable
23  range for Offense Level 20 is 33 to 41 months imprisonment, and the Court sentenced
24  Defendant to 33 months.

25  In determining whether Defendant's sentence would have been materially different
26  had the Court known the Guidelines were advisory, the Court will consider the factors listed
27  in 18 U.S.C. § 3553(a).

28  The first factor is "the nature and circumstances of the offense and the history and

1 characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Regarding the offense, the Court
2 finds that 33 months imprisonment was appropriate, given the serious bodily injury sustained
3 by two young women involved. Additionally, with respect to Defendant's history and
4 characteristics, the sentence imposed was warranted. Indeed, the Court opted to depart
5 downward two levels due the circumstances of this case being outside of the "heartland,"
6 thereby tailoring the sentence specifically to Defendant.

7 The second factor the Court must consider is "the need for the sentence imposed (A)
8 to reflect the seriousness of the offense, to promote respect for the law, and to provide just
9 punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to
10 protect the public from further crimes of the defendant; and (D) to provide the defendant with
11 needed educational or vocational training, medical care, or other correctional treatment in the
12 most effective manner." Id. at § 3553(a)(2). First, the Court finds that 33 months
13 imprisonment accurately reflects the seriousness of Defendant's offense, promotes respect
14 for the law, and provides just punishment for the offense. Also, such a sentence aids in
15 deterring Defendant and others from engaging this variation of smuggling activity. Finally,
16 the term imposed protected the public from any possible smuggling by Defendant during
17 imprisonment and provided Defendant an opportunity to participate in offered correctional
18 programming.

19 Next, the Court must consider "the kinds of sentences available." Id. at § 3553(a)(3).
20 For the offense committed, the possible sentences are a maximum of 10 years imprisonment
21 and/or fines. 8 U.S.C. §1324(a)(1)(B)(i). The sentence imposed in this case was 33 months
22 imprisonment, followed by two years of supervised release. Fines were not imposed because
23 the Court found that Defendant would not be able to pay them.

24 The fourth factor the Court shall consider is "the kinds of sentence and the sentencing
25 range established for the applicable category of offense committed by the applicable category
26 of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A). Here, the Guidelines
27 suggest a range of 33 to 41 months. The Court sentenced Defendant to 33 months.

28 The Court must next consider "any pertinent policy statement issued by the

Sentencing Commission." Id. at § 3553(a)(5). The Court is not aware of any policy statements that apply to this situation. Rather, section 2L1.1 and its commentary, which addresses this specific offense, sufficiently address sentencing in this case.

The sixth factor to be addressed by the Court is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. at § 3553(a)(6). The Court finds that this factor does not warrant a sentence different that what was imposed. Defendant was sentenced to the low end of the suggested range due to the Court's finding that his case fell outside of the "heartland."

Lastly, the Court must consider "the need to provide restitution to any victims of the offense." Id. at § 3553(a)(7). This factor is inapplicable because there were no victims in this case.

Therefore, the sentence imposed by this Court on November 17, 2003, would not have materially differed had the Court known that the Sentencing Guidelines were advisory at the time of sentencing.

### III. CONCLUSION

For the foregoing reasons, re-sentencing is not warranted in this case. Defendant may appeal this Order by filing a notice of appeal in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure. See Ameline III, 409 F.3d at 1085.

Accordingly,

**IT IS HEREBY ORDERED** that the Judgment and Commitment issued on November 17, 2003 [Doc. No. 52] is AFFIRMED.

DATED this 7th day of November, 2005.

Stephen M. McNamee
Chief United States District Judge